UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eustaquio O., | Civ. No. 26-153 (PAM/DTS) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Peter Berg, Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; Kristi Noem, Secretary, U.S. Department of Homeland Security; U.S. Department of Homeland Security; Pamela Bondi, U.S. Attorney General; Executive Office for Immigration Review; and Joel Brott, Warden of Sherburne County Jail, | |
| Respondents. | |

This matter is before the Court on Petitioner Eustaquio O.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner Eustaquio O. is a citizen of Mexico. (Id. ¶ 19.) He claims to have entered the United States more than twenty years ago without inspection. (Id. ¶ 5.) He does not have lawful status in the United States. (Id.) On January 9, 2026, Respondents apprehended Petitioner, and he remains in the custody of Immigration and Customs Enforcement ("ICE"). (Id. ¶ 19.)

**DISCUSSION**

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, claiming that he is a member of the nationwide class in Maldonado Bautista v. Santacruz, No. 5:25-cv-01873 SSS BFM (C.D. Cal. Dec. 18, 2025), and therefore is entitled to the declaratory relief ordered in that case—his immediate release from custody.  Respondents contend that Maldonado Bautista is not binding or applicable here.

Federal district courts are authorized to grant habeas relief only "within their respective jurisdictions."  28 U.S.C. § 2241(a).  "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).  Petitioner does not claim to be confined in the Central District of California.  Thus, the Maldonado Bautista court does not have jurisdiction over Petitioner, and he is not entitled to relief ordered by that court.

Moreover, the declaratory relief that Maldonado Bautista purports to confer on petitioners nationwide is in practice no different than a universal injunction over "individuals who were not parties to that action, and the power to issue such relief 'likely exceed[s] the equitable authority that Congress has granted to the federal courts.'"  Ore Falcon v. Wofford, No. 1:26-CV-00181-WBS-EFB, 2026 WL 171927, at *3 (E.D. Cal. Jan. 22, 2026) (quoting Trump v. CASA, 606 U.S. 831, 837 (2025).)

In any event, the Court finds that Petitioner's argument fails in the first instance because he is not entitled to relief under 8 U.S.C. § 1225.  "When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper

grammar and usage would assign them. If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up). Section 1225(a)(1) dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . . ) shall be deemed for purposes of this chapter an applicant for admission." There is no dispute that Petitioner is an alien present in the United States. See id. And the facts are clear that he did not lawfully enter the United States, i.e., an immigration officer did not inspect him and authorize his entry. Id. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

Section 1225(b)(2)(A) instructs that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The plain reading of the text is that detention is mandatory. Other courts disagree with this reading, making distinctions based on the length of an alien's presence in the United States, an alien's efforts to secure lawful status here, or where an alien was apprehended. Such limitations are not found in the statute. "What governs this case is the text of the statute, not what other district courts have concluded." Mejia Olalde v. Noem, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *1 (E.D. Mo. Nov. 10, 2025).

Respondents may lawfully detain Petitioner under § 1225(b)(2), which requires detention.  See, e.g., Chavez v. Noem, 801 F. Supp. 3d 1133, 1140 (S.D. Cal. 2025); de Leon Lopez v. Ladwig, No. 6:25-CV-01884, 2026 WL 19095, at *4–6 (W.D. La. Jan. 2, 2026); Alberto Rodriguez v. Jeffreys, No. 8:25CV714, 2025 WL 3754411, at *11–14 (D. Neb. Dec. 29, 2025); Melgar v. Bondi, No. 8:25CV555, 2025 WL 3496721, *10–14 (D. Neb. Dec. 5, 2025); Chen v. Almodovar, No. 1:25-CV-8350-MKV, 2025 WL 3484855, *3–6 (S.D.N.Y. Dec. 4, 2025); Mejia Olalde, 2025 WL 3131942, *3–4.  The text of § 1225(b)(2)(A) is clear that a noncitizen who is an "applicant for admission" is necessarily "seeking admission."  See Vargas Lopez v. Trump, No. 8:25CV526, 2025 WL 2780351, at *9 (D. Neb. Sept. 30, 2025) (explaining that "just because Vargas Lopez illegally remained in this country for years does not mean that he is suddenly not an 'applicant for admission' under § 1225(b)(2)").  Indeed, the law dictates that an alien's mere presence in the United States without lawful admission means that he or she is seeking admission "by operation of law."  Matter of Lemus-Losa, 25 I & N. Dec. 734, 743 n.6 (BIA 2012).  Thus, as a matter of law, Petitioner is not entitled to a bond hearing.

4

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 3, 2026                                         *s/ Paul A. Magnuson*
                                                                                        Paul A. Magnuson
                                                                                        United States District Court Judge